**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THOMAS RESSA,**

    **Plaintiff,**

**-vs-**                **Case No. 6:04-cv-1683-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ENTRY OF JUDGMENT WITH REMAND (Doc. No. 23)** |
| **FILED:** | **July 14, 2005** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

This cause having come before the Court upon the unopposed motion of the Defendant to remand this case to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. 405(g) and 1383(c)(3). Upon consideration of the Motion, and the grounds urged in support thereof, it is

**ORDERED** and **ADJUDGED** that the decision of the Commissioner is hereby reversed under sentence four of 42 U.S.C. § 405(g) and this case is hereby remanded to the Commissioner of Social Security:

To allow the administrative law judge (ALJ) to obtain testimony/evidence from a medical expert for clarification of the nature and severity of Plaintiff's impairments, particularly his colitis, and whether his impairments meet or are functionally equal to any listed impairment. If warranted, the ALJ will obtain additional evidence concerning Plaintiff's colitis; this may include a consultative physical examination with a medical source statement about what Plaintiff can do despite his impairments.

The ALJ will also give further consideration to Plaintiff's testimony and provide a credibility evaluation consistent with 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling (SSR) 96-7p. The credibility evaluation must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight.

The ALJ will also give further consideration to Plaintiff's maximum residual functional capacity (RFC) and provide appropriate rationale and specific references to evidence of record in support of the assessed limitations in accordance with 20 C.F.R. §§ 404.1545, 416.945 and SSR 96-8p. Furthermore, the ALJ will obtain vocational expert (VE) testimony to determine whether Plaintiff could return to his past work, and if he cannot return to his past work, to determine what jobs, if any, he could perform in light of his RFC and all of the evidence of record, including any nonexertional
limitations supported by the evidence of record. The hypotheticals posed to the VE should include Plaintiff's documented exertional and nonexertional limitations.

The Clerk of the Court is hereby directed to enter a separate judgment, remanding the case

under sentence four of 42 U.S.C. § 405(g).

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record