# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS RESSA,**

        **Plaintiff,**

**-vs-**                           **Case No. 6:04-cv-1683-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. No. 26)
>
> **FILED:**     October 12, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 24 and 25). The Commissioner has not filed a response to the Motion.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the

application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $3,843.27, calculated at the rate of $151.65 per hour ($125.00 adjusted for cost of living increase of 21.323% (Consumer Price Index)) for 3.3 hours of work expended in 2004 and at the rate of $157.68 per hour ($125.00 adjusted for cost of living increase of 26.14% (Consumer Price Index)) for 21.2 hours of work expended in 2005.  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 26-4 (CPI table).  Upon review of the supporting papers filed by Plaintiff and no objection having been filed by the Commissioner, the Court finds that these sums are reasonable and an award is appropriate under the EAJA.  It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$3,843.27** for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record